IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KIRKLAND PROPERTIES, LLC                                                                    PLAINTIFF

V.                                                            CIVIL ACTION NO. 1:19-CV-162-SA-DAS

PILLAR INCOME ASSET MANAGEMENT, INC., et al.                              DEFENDANTS

ORDER AND MEMORANDUM OPINION

On September 9, 2019, Kirkland Properties, LLC, filed its Complaint [1] against Pillar Income Asset Management, Inc.; FBH of Vista Ridge, LLC; MBL Title, LLC; and various unknown defendants, seeking specific performance or damages based upon the Defendants' purported breach of a real estate contract. On November 18, 2019, Pillar and FBH filed a Joint Motion to Dismiss [13], asserting that the action should be dismissed based upon a forum selection clause contained in the parties' contract. The Motion [13] has been fully briefed and is now ripe for review.

*Relevant Factual and Procedural Background*

On February 15, 2019, Kirkland and FBH entered into a Purchase and Sale Agreement. [1-1]. Under the Agreement, Kirkland was to purchase from FBH an apartment complex—specifically, Vista Ridge Apartments in Tupelo, Mississippi, for a total cost of $17,250,000.00. The initial closing date was scheduled for July 30, 2019. Kirkland made two separate $75,000.00 earnest money deposits with the escrow agent, MBL Title.

During the Agreement's inspection period, Kirkland observed various issues with the property that it believed should be repaired prior to closing. Kirkland notified FBH of the defects and requested that FBH make the necessary repairs prior to the scheduled closing date. Thereafter, Kirkland received from Pillar Income Asset Management, Inc. a letter dated April 1, 2019, indicating that Pillar, on behalf of FBH, would make the necessary repairs to the property. After

neither Pillar nor FBH made the repairs by July 10, 2019, Kirkland sent a letter to FBH, demanding that the repairs be completed by July 25, 2019. The repairs were not completed by the July 25th deadline and the parties ultimately agreed to delay the closing date until August 7th.

On August 5, 2019, Kirkland sent an additional letter to FBH, stating that, rather than waiting on FBH and/or Pillar to complete the repairs, it would accept a credit of $406,012.50 at closing, which amount would represent the cost for Kirkland to have the repairs completed on its own. The parties ultimately could not agree upon an appropriate credit amount for the repairs, the repairs were never completed, and the closing never occurred.

Kirkland then filed this action on September 9, 2019. In its Complaint [1], Kirkland asserts that FBH's and Pillar's failure to complete the repairs constituted a breach of contract because "[FBH] and [Pillar] agreed to make certain necessary repairs to the Property as a contingency to and an inducement for the Closing on the Property." Kirkland also named MBL Title as a defendant in this cause, alleging that it should interplead the $150,000.00 in earnest money funds. MBL Title has now deposited the funds with the Clerk of Court pending the resolution of this action.[1]

On November 18, 2019, Pillar and FBH filed their Joint Motion to Dismiss [13], asserring that the contract's forum selection clause mandates that this litigation be conducted in a court of competent jurisdiction in Madison County, Mississippi. Kirkland contends that the forum selection clause is permissive and that it *may* proceed in this Court. On January 6, 2020, FBH and Pillar filed a Supplement [21] to the Motion, which included additional exhibits for the Court's consideration. Briefing is complete, and the Motion [13] is ripe for review.

---

[1] The Clerk of Court has deposited these funds into an interest-bearing accounting pursuant to the Court's prior Order [10]. Kirkland asserted no other claim against MBL Title and, in fact, has not even completed service of process on it.

*Analysis and Discussion*

The Court first notes the language of the forum selection clause itself, which provides:

> In the event of any litigation between the parties under this Agreement, the prevailing party in such litigation shall be entitled to recover (and the non-prevailing party shall pay) any and all reasonable attorneys' fees and court costs incurred at or in connection with all trial and appellate court proceedings. *Unless other [sic] agreed, any litigation between the parties under this Agreement shall be conducted in a court of competent jurisdiction in Madison County, Mississippi.*

[1-1] (emphasis added).

While the parties agree that the clause identifies a court of competent jurisdiction in Madison County, Mississippi as the venue for a dispute between them, they disagree as to whether the clause is mandatory or permissive. The Defendants contend that the clause is mandatory and that the litigation *must* occur in Madison County. On the other hand, Kirkland contends that the clause is merely permissive and that, while the litigation *may* proceed in a court in Madison County, it may also proceed in another venue, such as this Court.

At the outset, the Court notes that federal law, as opposed to state law, governs its analysis as to the enforceability of the clause. *See Alliance Health Group, LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399 (5th Cir. 2008) ("Federal law applies to determine the enforceability of forum selection clauses in both diversity and federal question cases."). "Under Fifth Circuit precedent, when determining whether a forum selection clause in a contract will require the parties to litigate in the named forum, i.e., is mandatory and enforceable, a two-step inquiry is undertaken." *Bentley v. Mutual Benefits Corp.*, 237 F.Supp.2d 699, 701 (S.D. Miss. 2002) (citing *Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127 (5th Cir. 1994)). "First, the court looks to see whether the forum selection clause is mandatory or permissive. If mandatory, then the court must determine whether it is enforceable." *Id.* (citing *Caldas*, 17 F.3d at 127).

3

Concerning the first step of the analysis, "[a] mandatory clause must clearly indicate that it is the parties' intent to expressly limit the forum(s) to the one(s) listed in the contract." *Stanley Smith Drywall, Inc. v. Munlake Contractors, Inc.*, 906 F.Supp.2d 588, 592 (S.D. Miss. 2011) (citing *Bentley*, 237 F.Supp.2d at 701; *New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004)). "Typically, words such as 'must', 'only', or 'shall' are indicators of mandatory clauses, but the presence of [these] words alone does not foreclose the possibility that venue would be permissible in an unnamed locale." *Id.* (internal citations omitted) (citing *Caldas*, 17 F.3d at 123). "Mandatory forum selection clauses should leave no possibility of alternative interpretations; otherwise, the clause will be construed to permit other venues of adjudication." *Id.* (citing *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 957 (5th Cir. 1974)); *see also New Orleans*, 376 F.3d at 504 (noting that for a forum selection clause to be mandatory, "it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive."). "[A] forum selection clause is mandatory only if there is one interpretation of the clause." *Magnolia Island Plantation, L.L.C. v. Lucky Family, L.L.C.*, 2020 WL 354714, at *3 (W.D. La. Jan. 21, 2020) (citing *Bentley*, 237 F.Supp.2d at 701). Conversely, "a permissive forum selection clause authorizes jurisdiction or venue in a selected forum, but does not prohibit litigation elsewhere." *Bentley*, 237 F.Supp.2d at 701 (citing *Caldas*, 17 F.3d at 127-28).

Kirkland first contends that the subject provision is permissive because it does not expressly prohibit venue in another jurisdiction. While the clause does not specifically exclude any other venue, it does specifically state that the litigation *shall* take place in a court of competent jurisdiction in Madison County. Although the inclusion of words like "shall", "must", and "only" is not necessarily conclusive in all contexts, *see Stanley Smith*, 906 F.Supp.2d at 592, when read

4

in the context of the subject clause, it mandates that the litigation occur in a Madison County court. In other words, the parties' incorporation of the word "shall" in this context does foreclose other alternative forums. Taking Kirkland's argument on this point to its logical conclusion, a forum selection clause must include specific language prohibiting all other forums in order to be mandatory. Because the Court finds that a clause can be mandatory without including such language, it declines to accept such an extreme position.

Secondarily, Kirkland contends that the clause is susceptible to two reasonable, conflicting interpretations and that the Court should interpret that ambiguity in its favor. In the Court's view, however, the clause itself is clear and unambiguous and should be applied in accordance with its plain meaning. *See Bentley*, 237 F.Supp.2d at 702 ("A principal rule of contract interpretation is that the common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached.") (citations omitted). The clause specifically states that litigation "*shall* be conducted in a court of competent jurisdiction in Madison County, Mississippi." [1-1] (emphasis added). This language clearly limits the appropriate forum to a court in Madison County.

The clause does, however, provide one caveat—specifically exempting this selection if the parties "other[wise] agree[]." In this case, it could not be more clear that the parties do not so agree. This is illustrated by the Defendants' filing of the present Motion [13]. The parties undoubtedly have not agreed to an alternate forum, and the caveat contained in the clause is clearly inapplicable.

Ultimately, a forum selection clause is mandatory only if there is one plausible interpretation of the clause. *See Magnolia Island Plantation*, 2020 WL 354714, at *3 (citation omitted). This subject clause clearly and unambiguously mandates that the litigation occur in a

5

court of competent jurisdiction in Madison County unless the parties otherwise agree. In the Court's view, this is the only plausible interpretation of the clause.

Having found that the clause is mandatory, the Court must next determine whether it is enforceable. *See Bentley*, 237 F.Supp.2d at 701. "A forum selection provision in a written contract is *prima facie* valid and enforceable unless the opposing party shows that enforcement would be unreasonable." *L & T. Const., Inc. v. Mazuma Capitol Corp.*, 2010 WL 4174575, at *1 (N.D. Miss. Oct. 19, 2010) (quoting *Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995)). More specifically, this Court has previously noted that:

> Forum selection clauses are "presumptively valid and enforceable," unless the resisting party can show:
>
> > (1) Its incorporation into the contract was the result of fraud, undue influence or overweening bargaining power;
> >
> > (2) The selected forum is so gravely difficult and inconvenient that the resisting party will for all practical purposes be deprived of its day in court; or
> >
> > (3) The enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought, declared by statute or judicial decision.

*Id*. (citations omitted). Tellingly, Kirkland makes no arguments on any of these points. There has been no contention that the clause was incorporated into the contract as a result of fraud, undue influence, or any other inappropriate means. Further, Kirkland has not argued that it would be gravely difficult or inconvenient for it to litigate in the selected forum—a court of competent jurisdiction in Madison County. Finally, the Court has no reason to believe that enforcement of the clause would undermine any strong public policy interests. The Court finds that the subject clause is enforceable.

Ultimately, because the Court finds that the subject clause is both mandatory and enforceable, it must enforce the clause in accordance with its clear and unambiguous language. *See Bentley*, 237 F.Supp.2d at 701. This litigation must occur in a court of competent jurisdiction in Madison County.

*Conclusion*

The Defendants' Joint Motion to Dismiss [13] is GRANTED. Kirkland's claims are dismissed *without prejudice*. The Clerk of Court is directed to return to MBL Title, Inc. all funds which were deposited in accordance with this Court's prior Order [25], including any and all interest accrued thereon. This CASE is CLOSED.

SO ORDERED, this the 25th day of August, 2020.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE