IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KIRKLAND PROPERTIES, LLC                                                                         PLAINTIFF

V.                                                                      CIVIL ACTION NO. 1:19-CV-162-SA-DAS

PILLAR INCOME ASSET MANAGEMENT, INC., et al.                            DEFENDANTS

ORDER

On August 25, 2020, this Court entered an Order and Memorandum Opinion [28] granting the Defendants' Motion to Dismiss [13] on the basis of a forum selection clause contained in the parties' contractual agreement. Specifically, the Court held that "[t]his litigation must occur in a court of competent jurisdiction in Madison County." [28], p. 7. Thereafter, the Defendants, Pillar Income Assert Management and FBH of Vista Ridge, LLC, filed a Motion for Award of Attorney's Fees and Related Non-Taxable Expenses [29], requesting that the Court award them "attorney's fees in the amount of $20,000, pursuant to the specific terms and provisions set forth in the Purchase and Sale Agreement, given their status as prevailing parties in the instant litigation." [29], p. 3. The Plaintiff, Kirkland Properties, LLC, opposes the requested relief. The Motion [29] has been fully briefed, and the Court is prepared to rule.

*Analysis and Discussion*[1]

"The award of attorney's fees in a diversity case is governed by state law." *Wiemer v. Rubino*, 2019 WL 187873 at *12 (S.D. Miss. Jan. 14, 2019) (quoting *Structural Metals, Inc. v. S & C Elec. Co.*, 590 F. App'x 298, 304 (5th Cir. 2014)) (additional citation omitted). Under Mississippi law, attorney's fees may be awarded when authorized by statute, by court order, or by

---

[1] The Court's previous Order and Memorandum Opinion [28] sets forth in detail the relevant factual and procedural background of this case. For the sake of brevity, the Court will not repeat that factual recitation here.

contract. *See Aqua-Culture Technologies, Ltd. v. Holly*, 677 So.2d 171, 184 (Miss. 1996); *Dickerson v. Dickerson*, 34 So.3d 637, 649 (Miss. Ct. App. 2010); *see also The Stellar Group v. Pilgrim's Pride Corp.*, 2007 WL 3475074 at *1 (S.D. Miss. Nov. 13, 2007) ("Under Mississippi law, attorney's fees may be awarded in two circumstances: (1) where the contract or a statute provides for attorney's fees or (2) where the losing party's conduct was outrageous enough to warrant punitive damages.") (citation omitted). Here, the Defendants' request stems from the language of the parties' contract, which in pertinent part provides:

> In the event of any litigation between the parties under this Agreement, the prevailing party in such litigation shall be entitled to recover (and the non-prevailing party shall pay) any and all reasonable attorneys' fees and court costs incurred at or in connection with all trial and appellate court proceedings. Unless other[wise] agreed, any litigation between the parties under this Agreement shall be conducted in a court of competent jurisdiction in Madison County, Mississippi.

[29], Exh. 1, p. 21.[2] The Defendants assert that they are the prevailing parties to this litigation and are therefore entitled to recovery of the attorney's fees incurred defending this action. On the other hand, the Plaintiff asserts that, although the Defendants did prevail on the jurisdictional issue addressed in this Court's previous Order [28], they are not entitled to an award of attorney's fees because the Court's decision was not on the merits of the claim.

The Mississippi Supreme Court has made abundantly clear that it "applies a three-tiered approach to contract interpretation." *Gaiennie v. McMillin*, 138 So.3d 131, 135 (Miss. 2014) (citing *Facilities, Inc. v. Rogers-Usry Chevrolet, Inc.*, 908 So.2d 107, 111 (Miss. 2005)). "First, we apply the 'four corners' test, wherein this Court 'looks to the language that the parties used in expressing their agreement.'" *Id*. (citations omitted). "Secondly, if the contract is unclear or ambiguous, this Court applies the discretionary canons of contract construction. Thirdly, if the

---

[2] The Court also notes that the parties' contract specifically states that Mississippi law shall govern all disputes arising therefrom.

contract continues to evade clarity as to the parties' intent, the court should consider extrinsic or parol evidence." *Id*. (citations omitted).

Although these principles of construction are well-settled, they are not particularly instructive in this case. "Prevailing party" is not defined in the parties' contract. Likewise, the parties have not alleged that they had any prior negotiations, agreements, or conversations prior to entering into the contract. Instead, the parties largely focus their arguments on the general meaning of the term "prevailing party" as it has been interpreted by other courts.

Arguing that attorney's fees should be awarded, the Defendants cite the Fifth Circuit's decision in *Watkins v. Mobile Housing Bd.*, 632 F.2d 565 (5th Cir. 1980). Specifically, the Defendants rely on the following language contained therein: "[t]he test of whether one is a prevailing party is whether he or she has received substantially the relief requested or has been successful on the central issue." *Id*. at 567 (citing *Iranian Students Ass'n v. Edwards*, 604 F.3d 353, 353 (5th Cir. 1974)).

While the quoted language would appear to support the Defendants' position, a more in-depth reading of *Watkins* is insightful. In *Watkins*, Brenda Brown, filed suit against Mobile Housing Board and its officers, alleging that the defendants "violated both her right to due process of law and regulations of the Department of Housing and Urban Development by summarily terminating her participation in a rent subsidy program." *Id*. at 566. The trial court granted a preliminary injunction in the plaintiff's favor and certified her as a class representative. *Id*. Thereafter, her "summary judgment motion was granted making the preliminary injunction permanent, extending it to the class, and granting her leave to file for attorney's fees." *Id*. After the district court granted her request for attorney's fees but for a reduced amount, Brown appealed. *Id*.

3

Among other arguments, the appellee argued that Brown was not a prevailing party, emphasizing that the claims of one of her co-plaintiffs had been dismissed and that, prior to the district court's entry of summary judgment, the claims against several individual capacity defendants were dropped. *Id*. at 567. The Fifth Circuit specifically rejected the appellee's argument on that point, holding that "[w]e do not accept appellee's argument that because the claim of [the former co-plaintiff] was dismissed and the names of several defendants in their individual capacities were dropped, the appellant is not a prevailing party." *Id*. The Fifth Circuit then emphasized that the plaintiff had in fact obtained a permanent injunction against the defendant and ultimately noted that the plaintiff was a prevailing party entitled to attorney's fees. *Id*.

*Watkins* is distinguishable from the instant case. As previously noted, the Court granted the Defendants' request for dismissal based upon a forum selection clause. The dismissal was *without prejudice* so that Kirkland could refile in the appropriate forum. In the Court's view, this is much different than *Watkins*, where the plaintiff obtained summary judgment and a permanent injunction in her favor.

Arguing that the Court should deny the Defendants' request, Kirkland directs the Court to a relatively recent opinion issued by the District Court for the Northern District of Texas. *See CK DFW Partners Ltd. v. City Kitchens, Inc.*, 541 F. Supp. 2d 839 (N.D. Tex. 2008). In that case, the plaintiff brought suit based upon the defendant's purported violation of two franchise contracts. The district court dismissed the plaintiff's claims *without prejudice* pursuant to the forum selection clauses contained in the contracts mandating that the action be pursued in California. *Id*. at 840. Applying California state law, the District Court found that, despite prevailing on that jurisdictional issue, the defendant was not entitled to attorney's fees as a "prevailing party." *Id*. at 841. The District Court looked to a decision from the California Supreme Court, where it held that

4

"[t]he prevailing party determination is to be made only upon *final resolution* of the contract claims and only by a comparison of the extent to which each party has succeeded and failed to succeed in its contentions." *Id*. (quoting *Hsu v. Abbara*, 9 Cal.4th 863, 876 (Cal. 1995)) (emphasis in original).

While recognizing that *City Kitchens* is not directly on point—particularly considering the fact that it concerned California state law, this Court finds that the approach applied therein is nevertheless appropriate here. Although the Defendants prevailed to the extent that the case was dismissed, the dismissal was *without prejudice* so that it could be refiled in an appropriate forum. In dismissing the case *without prejudice*, the Court in no way addressed or even considered the merits of Kirkland's claims or the validity of any of the defenses raised by the Defendants but, instead, only interpreted the forum selection clause contained in the parties' contract. The Court finds that the Defendants' success on that point is insufficient to qualify them as "prevailing parties" entitled to attorney's fees.

## Conclusion

For the reasons set forth above, the Court finds that the Defendants should not be awarded attorney's fees. The Defendants' Motion [29] is DENIED. This CASE remains CLOSED.

SO ORDERED, this the 30th day of March, 2021.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE